**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4506

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD RAY-EDTUAN DAVIS, a/k/a Donald Ray Davis, a/k/a Donald Ray Bishop, a/k/a Murder One,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Louise W. Flanagan, District Judge.  (7:17-cr-00027-FL-1)

Submitted:  January 21, 2025                          Decided:  February 4, 2025

Before WILKINSON and NIEMEYER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  James M. Ayers, II, AYERS & HAIDT, P.A., New Bern, North Carolina; Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Ray-Edtuan Davis pled guilty, pursuant to a written plea agreement, to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Davis to 195 months' imprisonment, a sentence within the Sentencing Guidelines range established at sentencing. On appeal, Davis's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether an information filed pursuant to 21 U.S.C. § 851 was adequate to support the district court's application of a statutory sentencing enhancement. Davis filed a pro se supplemental brief, arguing that the court erred in designating him a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2018). The Government moved to dismiss the appeal as barred by the appeal waiver in Davis's plea agreement. After reviewing the record, we appointed Davis new counsel and ordered the parties to submit supplemental briefs addressing whether the district court erred under *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (holding that district court must orally announce nonmandatory conditions of supervised release). Davis's new counsel filed a supplemental brief arguing that the district court violated *Rogers* and failed to adequately explain the supervised release conditions, and the Government responded. We affirm in part and grant the Government's motion to dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).

2

Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is valid and enforceable. *Id.* Our review of the record confirms that Davis knowingly and intelligently waived his right to appeal. We further conclude that Davis's challenges to his sentence, including his challenge to the explanation of the supervised release conditions, fall squarely within the waiver's scope.

On the other hand, whether the district court complied with *Rogers* presents an issue that falls outside the scope of Davis's appeal waiver. *United States v. Singletary*, 984 F.3d 341, 344-45 (4th Cir. 2021). In *Rogers*, we held that a district court must orally pronounce all nonmandatory conditions of supervised release at the sentencing hearing, either expressly or through incorporation. 961 F.3d at 299. "Discretionary conditions that appear for the first time in a subsequent written judgment, we held, are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *Singletary*, 984 F.3d at 344. We review de novo the consistency of the oral sentence and the written judgment. *United States v. Smith*, 117 F.4th 584, 604-05 (4th Cir. 2024).

Here, the district court incorporated by reference the standard conditions of supervision adopted by the court through standing order, and the standard conditions in the written judgment match the conditions listed in the standing order. Additionally, the special conditions of supervision that appear in the written judgment are consistent with and clarify the court's oral pronouncement at sentencing. *See Rogers*, 961 F.3d at 299 (noting that "so long as the defendant is informed orally that a certain set of conditions will

3

be imposed on his supervised release, . . . then a later-issued written judgment that details those conditions may be construed fairly as a clarification of an otherwise vague oral pronouncement" (internal quotation marks omitted)).  Accordingly, we conclude that the district court complied with *Rogers*.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of the appellate waiver.  We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope.  We affirm the remainder of the judgment.  This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review.  If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Davis.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4